UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BABY ROBERTA SOLIS BAMERT, JERRY CRAFT, JESSICA CRAFT, JOSEPH DENOIA, RICHARD FAKADEJ, KIMBERLY FAKADEJ, JANOS FARKAS, THE VISTA TRUST, THE ISLE TRUST, WINIFRED FIELDS, DENNIS FONG, YVONNE FONG, KEN HONG, MEGAN SO MING HUI, MUK SUM HUI, RICHARD JASIN, AIMEE OCHOTORENA, FRANK PADILLA, MARY PADILLA, MARILOU PULMANO, DARMANDRA RAMDOWE, TEJMATTEE RAMDOWE, KRISHNADAT RAMDOWE, GANMATTEE RAMDOWE, BARBARA REID, STEPHEN REID, DONALD SCRIMGEOUR, FRANK SCURTI, THOMAS SCURTI, PERUVEMBRA SUNDARESAN, GLORIA SUNDARESAN, CHERYL TAMADA, FRANK TAMADA, DANIEL TRAN, TOM TRAN, MICHAEL D. GRAVES and KINGDOM INVESTMENTS OF BRANDON, LLC,**

          **Plaintiffs,**

v.                        **Case No: 6:08-cv-2120-Orl-22GJK**

**PULTE HOME CORPORATION, THE WEAR GROUP, INC., OSCEOLA MANAGEMENT & CONSULTING, INC. and JAMES J. MURPHY,**

          **Defendants.**

_____/

**ORDER**

This cause comes before the Court for consideration of United States Magistrate Judge Gregory Kelly's June 11, 2012 Report and Recommendation ("R & R"). (Doc. No. 114.) Defendant Pulte Homes Corporation ("Pulte") filed a Limited Objection to Judge Kelly's R & R (Doc. No. 118), to which Plaintiffs filed a Response (Doc. No. 121).

## I.     BACKGROUND

Plaintiffs allege that they each purchased a condominium unit built by Pulte and promoted by Defendant The Wear Group as Pulte's real estate agent. Plaintiffs also allege that they entered into management agreements with Defendant Osceola Management & Consulting, Inc. ("OMC") for short-term rentals of their units. Disappointed with their condominium purchases, Plaintiffs assert federal securities law claims and supplemental state law theories against Defendants. Plaintiffs allege that the entire program offered by Defendants, pursuant to which investors could earn income by renting their condominium units on a short-term basis, qualifies as a security, or more specifically, an "investment contract."

Pulte and OMC (along with its officer James J. Murphy) moved to dismiss the Amended Complaint on numerous grounds, including that the purchase agreements did not constitute securities. (Doc. Nos. 49 & 56.) After finding that the real estate transactions at issue were not "investment contracts" subject to federal securities law, this Court dismissed Plaintiffs' federal securities law claims and declined to exercise supplemental jurisdiction over Plaintiffs' state law claims. However, the Eleventh Circuit Court of Appeals reversed and held that when "viewing the larger scheme through the lens of the representations made by The Wear Group, as Pulte's alleged agent, and the rental agreements with OMC . . . the transaction as alleged does have the elements of an investment contract." (Doc. No. 94-1 p. 21.) The Eleventh Circuit remanded the case to this Court for consideration of the remaining issues raised by Pulte, OMC and Murphy in

their motions to dismiss.¹ Magistrate Judge Kelly addressed these motions in the instant R & R. Pulte filed a "Limited Objection" to the R & R, and Plaintiffs filed a Response.

## II. PLAINTIFFS' FEDERAL CLAIMS

Plaintiffs assert the following federal claims against all Defendants: sale of unregistered securities (Count I), sale of securities by unlicensed persons (Count II), and securities fraud (Count III). Magistrate Judge Kelly recommended (1) that Count I be dismissed with leave to amend as improperly pled pursuant to Section 5 of the Securities Act of 1933 instead of Section 12; (2) that Count II be dismissed with prejudice, since there is no private right of action under Sections 15(a) or 15(c)(1) of the Securities Exchange Act of 1934; and (3) that Count III be dismissed with leave to amend for failure to comply with the pleading requirements of Federal Rules of Civil Procedure 8 and 9(b) and the Private Securities Litigation Reform Act.

### A. Dismissal with Prejudice

First, Pulte contends that Plaintiffs must explain how they can amend their complaint to state viable causes of action. Similarly, Pulte argues that Plaintiffs must demonstrate how they can state a cause of action for securities fraud in light of *Janus Capital Group, Inc. v. First Derivative Traders*, --- U.S. ----, 131 S.Ct. 2296 (2011).² Essentially, Pulte argues that Plaintiffs must show that their claims are not futile.

At this procedural posture, Plaintiffs do not bear the burden of demonstrating that amendment will not be futile. Since Plaintiffs have only amended the complaint once as a matter of course, a further opportunity to amend is appropriate. *See Bryant v. Dupree*, 252 F.3d 1161,

---

¹ The arguments raised by Pulte and OMC and Murphy in their respective motions to dismiss are substantially similar.

² In *Janus*, the Supreme Court elaborated on what constitutes the "making" of a false statement for purposes of claims brought pursuant to Rule 10(b)-5. Specifically, the Supreme Court explained that "the maker of a statement is the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it." *Janus*, 131 S.Ct. at 2302.

3

1163-64 (11th Cir. 2001) (holding that plaintiffs should have been permitted to file a second amended complaint where plaintiffs had only amended the complaint once as a matter of course and had not employed delaying tactics). Additionally, the Supreme Court issued its opinion in *Janus* after Pulte filed its motion to dismiss. Thus, Magistrate Judge Kelly did not address *Janus* in the R & R. Despite Pulte's attempt to inject *Janus* into the case by way of its Objection, the Court cannot determine whether Plaintiffs' securities fraud claims would be futile until those claims are pled and the issue is fully briefed at a later stage in the proceedings. Accordingly, dismissal without prejudice of the federal securities claims set forth in Counts I and III is proper.

### B. Statute of Limitations

In its motion to dismiss, Pulte contended that Counts I, III, IV, V and VI are time-barred by the applicable statutes of limitations. Pulte based its argument on the dates that Plaintiffs executed the purchase agreements. In rejecting Pulte's statute of limitations argument, Magistrate Judge Kelly noted that Plaintiffs may have been on "inquiry notice" of securities fraud with respect to some of the claims—a question of fact often unresolvable on a motion to dismiss.

Pulte now objects that Count I, alleging the improper sale of unregistered securities, should be dismissed with prejudice as barred by the statute of limitations. The statute of limitations for violations of the registration requirements of the Securities Act of 1933 is one year from the date of the security purchase. *See* 15 U.S.C. § 77(m); *McCarthy v. Barnett Bank of Polk Cnty.*, 750 F. Supp. 1119, 1124 (M.D. Fla. 1990). While the Eleventh Circuit has not addressed the issue, courts in this district have determined that such claims are not subject to equitable tolling. *See McCarthy*, 750 F. Supp at 1124; *Temple v. Gorman*, 201 F. Supp. 2d 1238, 1242 (S.D. Fla. 2002).

Pulte argues that Magistrate Judge Kelly erred by including Plaintiffs' claim for the improper registration of securities among those claims subject to tolling. However, Magistrate Judge Kelly ultimately concluded that it was not apparent from the record whether any of Plaintiffs' claims were time-barred, and the Court agrees. In light of the Eleventh Circuit's holding that Plaintiffs pled the existence of investment contracts broader than the purchase agreements between Pulte and Plaintiffs, the date the parties executed the purchase agreements may not be the date Plaintiffs purchased the investment contracts.

Pulte objects to this line of reasoning, arguing that "Plaintiffs have not pleaded any facts to support that Pulte did anything after the purchase agreements that would support using different dates for statute of limitations purposes." (Doc. No. 118 p. 4 n.1.) However, "[d]ismissal under Federal Rule of Civil Procedure 12(b)(6) on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005) (citations and quotations omitted). Plaintiffs do not bear the burden of negating the affirmative defense of the statute of limitations in their complaint. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 846 (11th Cir. 2004). At this time, Pulte has failed to show that Plaintiffs' claims for the sale of unregistered securities are time-barred. Thus, Pulte's Objection is overruled.

### III. PLAINTIFFS' STATE LAW CLAIMS

Plaintiffs advance the following state law claims: sale of unregistered securities (Count IV), sale of securities by unlicensed persons (Count V), securities fraud (Count VI), fraud and fraudulent inducement (Count VII), negligent misrepresentation (Count VIII), breach of contract (against OMC and Murphy) (Count IX), and violations of Florida's Deceptive and Unfair Trade

Practices Act ("FDUTPA") (against Pulte) (Counts X and XI).[3]  Magistrate Judge Kelly recommended that Counts VI, VII, VIII and X be dismissed with leave to amend for failure to comply with the pleading requirements of Rule 9(b).

In connection with its argument that Plaintiffs' federal claims should be dismissed with prejudice, Pulte argues that the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims based on the sought dismissal of the federal claims.  However, the Court has found that Plaintiffs may amend the federal securities claims set forth in Counts I and III.  Therefore, Pulte's Objection on this basis is moot.

Second, Pulte argues that the releases and limitations of liability contained in the purchase agreements between Plaintiffs and Pulte bar Plaintiffs' claims for the sale of unregistered securities (Count IV) and the sale of securities by unregistered persons (Count V).  Again, the Court notes that the Eleventh Circuit held that Plaintiffs did not allege an investment contract arising from Pulte's purchase agreements alone.  Thus, the Court finds it prudent to address Pulte's argument regarding the impact of the purchase agreements once these claims have been re-pled and the issue has been fully briefed in light of the Eleventh Circuit's holding.[4]

Finally, Pulte argues that the Court should dismiss Count XI, in which Plaintiffs seek declaratory judgments and injunctive relief pursuant to their FDUTPA claims set forth in Count X.[5]  Magistrate Judge Kelly recommended that Count X be dismissed without prejudice for failure to satisfy Rule 9(b)'s heightened pleading standards.  Since Plaintiffs seek declaratory

---

[3] Counts X and XI differ in that Count X seeks damages while Count XI seeks declaratory and injunctive relief.

[4] In both its motion to dismiss and its instant Objection, Pulte raises this argument in the most general fashion.  Pulte contends only that Plaintiffs' state law non-FDUTPA claims "are barred by the releases and limitations of liability that Plaintiffs agreed to with Pulte," since "[c]ontract clauses that limit liability are valid and enforceable under Florida law."  (*See* Doc. No. 49 p. 33 n.18.)  Magistrate Judge Kelly did not explicitly address this argument in the R & R.

[5] Plaintiffs do not respond to this Objection.

6

judgments and injunctive relief as an additional remedy for the harm alleged in Count X, *see* Fla. Stat. § 501.211, Count XI is due to be dismissed with leave to amend as well.

### IV.     CONCLUSION

Based on the foregoing, it is **ORDERED** as follows:

1.     Magistrate Judge Gregory Kelly's June 11, 2012 Report and Recommendation (Doc. No. 114) is **ADOPTED** and **CONFIRMED** and made part of this Order.

2.     Defendant Pulte Home Corporation's Limited Objection to the Report and Recommendation (Doc. No. 118), filed on June 25, 2012, is **GRANTED** in part and **DENIED** in part. The Objection is **GRANTED** to the extent that Count XI is **DISMISSED** with leave to amend. In all other respects, the Objection is **DENIED**.

3.     Plaintiffs shall file a Second Amended Complaint on or before August 24, 2012. Failure to do so may result in dismissal of this case for lack of prosecution.

4.     Counsel shall meet and file a Case Management Report on or before August 31, 2012.

**DONE** and **ORDERED** in Orlando, Florida on August 10, 2012.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Magistrate Judge Kelly