UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BABY ROBERTA SOLIS BAMERT, JERRY CRAFT, JESSICA CRAFT, JOSEPH DENOIA, RICHARD FAKADEJ, KIMBERLY FAKADEJ, JANOS FARKAS, THE VISTA TRUST, THE ISLE TRUST, WINIFRED FIELDS, DENNIS FONG, YVONNE FONG, KEN HONG, MEGAN SO MING HUI, MUK SUM HUI, RICHARD JASIN, AIMEE OCHOTORENA, FRANK PADILLA, MARY PADILLA, MARILOU PULMANO, DARMANDRA RAMDOWE, TEJMATTEE RAMDOWE, KRISHNADAT RAMDOWE, GANMATTEE RAMDOWE, BARBARA REID, STEPHEN REID, DONALD SCRIMGEOUR, FRANK SCURTI, THOMAS SCURTI, PERUVEMBRA SUNDARESAN, GLORIA SUNDARESAN, CHERYL TAMADA, FRANK TAMADA, DANIEL TRAN, TOM TRAN, MICHAEL D. GRAVES and KINGDOM INVESTMENTS OF BRANDON, LLC,**

      **Plaintiffs,**

v.               **Case No: 6:08-cv-2120-Orl-22GJK**

**PULTE HOME CORPORATION, THE WEAR GROUP, INC., JAMES E. WEAR, OSCEOLA MANAGEMENT & CONSULTING, INC. and JAMES J. MURPHY,**

      **Defendants.**

_____/

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This matter comes before the Court on the Court's own initiative, after having reviewed Plaintiffs' second amended complaint. Doc. Nos. 125; 125-1; 125-2; 125-3; 125-4; 125-5; 125-6; 126. The factual background of this case is set forth in the undersigned's June 11, 2012, report and recommendation and is adopted herein. Doc. No. 114. In short, this case involves the claims of thirty-seven (37) individual Plaintiffs who allege that the Defendants committed securities fraud and violations of Florida law in conjunction with the sale of investment contracts. *See* Doc. No. 114 at 2-5. Plaintiffs allege that the entire program being offered to individual Plaintiffs by the Defendants in connection with Plaintiffs' purchase of condominium units constitute an investment contract. *Id*. On August 10, 2012, the Court entered an order granting in part and denying in part Defendants' motion to dismiss and Plaintiffs were provided an opportunity to file a second amended complaint. Doc. No. 122.

On August 27, 2012, Plaintiffs filed a three-thousand two-hundred and seventy-seven (3,277) page second amended complaint (the "Complaint"), which joins the claims of thirty-seven (37) individual Plaintiffs. Doc. Nos. 125; 125-1; 125-2; 125-3; 125-4; 125-5; 125-6; 126. The Complaint sets forth common facts and alleged misrepresentations, omissions, and fraudulent practices by the Defendants against Plaintiffs generally as a group. Doc. No. 125 at 7-23. The Complaint then states Plaintiffs' general claims against the Defendants for: 1) violations of Section 12 of the Securities Act of 1933; 2) violations of Section 517.211, Florida Statutes; 3) breach of contract; and 4) declaratory judgment pursuant to Section 501.211, Florida Statutes. Doc. No. 23-30. The balance of the Complaint sets forth the separate claims of each Plaintiff, which will require individualized proof for each Plaintiff. Doc. Nos. 125 at 30-181; 125-1; 125-2; 125-3; 125-4; 125-5; 125-6; 126.

The Court has broad and inherent discretion to manage its docket and the cases before it. *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863-64 (11th Cir. 2004); *Johnson v. Board of Regents of University of Georgia*, 263 F.3d 1234, 1261 (11th Cir. 2001). After carefully reviewing the Complaint, it is recommended that the individual claims of each of the Plaintiffs should be severed and each of the Plaintiffs be required to file a separate complaint presenting their individual claims.

Plaintiffs request that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' claims arising under Florida law. Each plaintiff asserts four (4) related claims for securities fraud upon which this Court has original jurisdiction and fourteen (14) state law claims upon which this Court may, in its discretion, exercise supplemental jurisdiction. *See* Doc. 125 at 23-181; 125-1; 125-2; 125-3; 125-4; 125-5; 125-6; 126. Title 28, United States Code, Section 1367(c) codifies the doctrines formerly known as pendent and ancillary jurisdiction. *See Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1569 (11th Cir. 1994). Pursuant to Section 1367(c)(2), the Court may decline to exercise supplemental jurisdiction over a state law claims joined with claims over which the court has original jurisdiction if the state law claims "substantially predominate[ ] over the claim or claims over which the district court has original jurisdiction." *Id*. *See also James v. Sun Glass Hut of Cal., Inc.*, 799 F. Supp. 1083, 1085 (D. Colo. 1992) (declining to exercise supplemental jurisdiction over employee's state law claims where they substantially predominated over ADEA claim). Courts may also decline to exercise supplemental jurisdiction in cases where the state law claims require different elements of proof. See *Gregory v. S. New England Tel. Co.*, 896 F. Supp. 78, 84 (D. Conn. 1994). If, after examining the factors listed in § 1367(c), the district court "decides that it has the discretion . . . to decline jurisdiction . . . , it should consider the traditional rationales for pendent

jurisdiction, including judicial economy and convenience, in deciding whether or not to exercise that jurisdiction." *Palmer*, 22 F.3d at 1569 (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966)).

In this case, each plaintiff asserts distinct state law claims for violations of Florida's Securities and Investor Protection Act, common law fraud, fraud in the inducement, breach of contract, negligent misrepresentation, and violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"). *See* Doc. 125 at 23-181; 125-1; 125-2; 125-3; 125-4; 125-5; 125-6; 126. It appears that Plaintiffs' state law claims predominate over the federal securities law claims at issue in this case. Accordingly, it is recommended that the Court find that the Plaintiffs' state law claims predominate over the federal claims and decline to exercise supplemental jurisdiction over the state law claims.

Based on the forgoing, it is **ORDERED** that **Defendants shall not respond to the Complaint (Doc. Nos. 125-126) until the Court rules on this report and recommendation**.

Furthermore, it is **RECOMMENDED** that the Court:

1. Sever the thirty-seven (37) Plaintiffs in this action;

2. Direct each plaintiff to file an individual complaint;[1] and

3. Decline to exercise supplemental jurisdiction over each Plaintiffs' state law claims.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[1] The first named plaintiff in this case may file her third amended complaint in this case, but the other thirty-six (36) Plaintiffs should be directed to file their complaints in new cases with new case numbers.

4

**DONE** and **ORDERED** in Orlando, Florida on August 30, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties