UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:  6:08-cv-02120-ACC-GJK

BABY ROBERTA SOLIS BAMERT,
et. al.,

    Plaintiffs,
v.

PULTE HOME CORPORATION, a
Michigan Corporation, THE WEAR
GROUP, INC., OSCEOLA MANAGEMENT
& CONSULTING, INC., JAMES J. MURPHY,

    Defendants.
_____/

## **PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENEDED COMPLAINT**

Plaintiffs, by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 15(a), submit their Motion for Leave to File their Third Amended Complaint, and in support, state as follows:

1.    On August 27, 2012, Plaintiffs filed their Second Amended Complaint (the "SAC") against Pulte Home Corporation ("Pulte"), The Wear Group, Inc. ("TWG"), James E. Wear ("Wear"), Osceola Management & Consulting, Inc. ("OMC"), and James J. Murphy ("Murphy").  The SAC was drafted to comply with the Report and Recommendation filed June 11, 2012 [D.E. 114] which set out detailed requirements for pleading the Plaintiffs' fraud based claims for violations of §10(b) of the Securities Exchange Act of 1934 and Rule 10(b)-5, and related state law claims for state securities fraud, fraud and fraud in the inducement, negligent misrepresentation, violation of the Florida Deceptive and Unfair Trade Practices Act.  The SAC was also designed to comply with the heightened pleading requirements under Rule 9(b) and the Private Securities Litigation Reform Act ("PSLRA").  In order to avoid group pleading and state

separate and independent fraud claims on behalf of each Plaintiff and against each Defendant, Plaintiffs filed an eight volume complaint which was admittedly extremely lengthy.

2. Since the filing of the SAC, Plaintiffs have reached an agreement with OMC and Murphy to dismiss claims against them without prejudice. On September 12, 2012, Plaintiffs filed their Agreed Motion for Dismissal attaching the parties' Stipulation and requesting entry of dismissal pursuant to Rule 41. [D.E. 132].

3. With respect to Defendant Wear, the parties previously stipulated that this action may be dismissed as to Wear in view of his discharge in bankruptcy. [D.E. 100]. This Stipulation should remain in effect. As a result, it was an error for the Plaintiffs to insert claims against Wear in the SAC.

4. Regarding TWG, by Order dated June 11, 2012, this Court granted the Motion of former counsel for TWG to withdraw and noted that substitute counsel for TWG had failed to make an appearance on its behalf. [D.E. 115 at 3]. In the Court's prior Order dated March 22, 2012 [D.E. 109], the Court advised TWG that its failure to retain counsel within fourteen days may result without further warning in the striking of pleadings and a direction to the Clerk to enter a default. Contemporaneously with this Motion for Leave, Plaintiffs will move the Court to direct the Clerk to enter a default against TWG on the Amended Complaint. [D.E. 133]. It was error thus for Plaintiffs to insert claims against TWG in the SAC.

5. In light of these developments, the only viable Defendant remaining is Pulte. Plaintiffs have streamedlined the allegations against Pulte, eliminated claims against any other Defendants, and stated their claims succinctly and in compliance with Rule 9(b) and the PSLRA. A proposed Third Amended Complaint is attached hereto as Exhibit "A." Plaintiffs seek leave of Court to file the Third Amended Complaint.

10359045.2

**Memorandum of Law**

Federal Rule of Civil Procedure 15(a) provides, in pertinent part, "the Court should freely give leave when justice so requires." In interpreting Federal Rule of Civil Procedure 15(a), the United States Supreme Court has held that

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.... If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claim on the merits. In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 226 (1962).

Liberal amendment standards facilitate the "Federal Rules' overall goal of resolving disputes, insofar as possible, on the merits **in a single judicial proceeding**." *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (emphasis added); *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999); *Foman*, 371 U.S. at 182. Thus, Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). "District courts have only limited discretion to deny a party leave to amend the pleadings. *Grayson v. K Mart Corporation*, 79 F.3d 1086, 1110 (11th Cir. 1996).

"In exercising its discretion with regard to the amendment of pleadings 'a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities.' "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (*citing DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). The United States Supreme Court has emphasized that this mandate is to be heeded. As this mandate is to be heeded, there must be a justifying reason, for a court to deny leave to amend." *Gill v.*

3

*Kostroff*, 2000 U.S. Dist. LEXIS 1153 (M.D. Fla. 2000), *see also Halliburton & Assoc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985) (stating that a "substantial reason" is needed).

In the present matter, leave to amend should be granted to Plaintiffs because the amendment sought has not been filed in bad faith, purposes of delay or dilatory motive, and it will not prejudice any party to this action. To the contrary, since Plaintiffs are seeking leave to streamline their Complaint and remove parties who are no longer Defendants. Accordingly, Plaintiffs respectfully request that the Court grant this Motion for Leave to Amend and deem the attached Third Amended Complaint filed as of the date of this Motion.

## **Certificate of Good Faith**

In accordance with Local Rule 3.01(g) for the United States District Court for the Middle District of Florida, the undersigned counsel certifies that it conferred with counsel for Pulte prior to filing this Motion but counsel for Pulte was unable to agree to the relief sought within the time constraints for filing this Motion.

Respectfully submitted,
ARNSTEIN & LEHR LLP
Attorney for Plaintiffs
515 North Flagler Drive
Northbridge Centre – 6th Floor
West Palm Beach, FL 33401
561/833-9800 (ofc.)
561/655-5551 (fax)


By: /s/ Joel B. Rothman
    Joel B. Rothman
    Florida Bar No. 98220
    jrothman@arnstein.com

4

10359045.2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th of September, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,
ARNSTEIN & LEHR LLP
Attorney for Plaintiffs
515 North Flagler Drive
Northbridge Centre – 6th Floor
West Palm Beach, FL 33401
561/833-9800 (ofc.)
561/655-5551 (fax)

By: /s/ Joel B. Rothman
Joel B. Rothman
Florida Bar No. 98220
jrothman@arnstein.com

10359045.2

**SERVICE LIST**
**BABY ROBERTA SOLIS BAMERT, JERRY CRAFT, JESSICA CRAFT, JOSEPH DENOIA, RICHARD FAKADEJ, KIMBERLY FAKADEJ, JANOS FARKAS, THE VISTA TRUST, THE ISLE TRUST, WINIFRED FIELDS, DENNIS FONG, YVONNE FONG, KEN HONG, MEGAN SO MING HUI, MUK SUM HUI, RICHARD JASIN, AIMEE OCHOTORENA, FRANK PADILLA, MARY PADILLA, MARILOU PULMANO, DARMANDRA RAMDOWE, TEJMATTEE RAMDOWE, KRISHNADAT RAMDOWE, GANMATTEE RAMDOWE, BARBARA REID, STEPHEN REID, DONALD SCRIMGEOUR, FRANK SCURTI, THOMAS SCURTI, PERUVEMBA SUNDARESAN, GLORIA SUNDARESAN, CHERYL TAMADA, FRANK TAMADA, DANIEL TRAN and TOM TRAN, MICHAEL GRAVES AND KINGDOM INVESTMENTS OF BRANDON, INC., Plaintiffs v. PULTE HOME CORPORATION, a Michigan Corporation, THE WEAR GROUP, INC., OSCEOLA MANAGEMENT & CONSULTING, INC., JAMES J. MURPHY, Defendants.**
**CASE NO.  6:08-cv-02120-ACC-GJK**
**United States District Court, Middle District of Florida**

Ronald S. Nisonson, Esq.
Florida Bar No. 79405
rnisonson@warddamon.com
Ward Damon
4420 Beacon Circle
West Palm Beach, Florida 33407
Telephone:  561-842-3000
Facsimile:  561-842-3626
(Counsel for Plaintiffs)

Amanda L. Chapman, Esq.
Florida Bar No. 176095
amanda.chapman@gmlaw.com
David Richard Lenox, Esq.
Florida Bar No. 455059
david.lenox@gmlaw.com
Greenspoon Marder, P.A.
201 East Pine Street, Suite 500
Orlando, Florida  32801
Telephone:  407-425-6559
Facsimile:  407- 563-9643
(Counsel for Defendants, Osceola Management
& Consulting, Inc. and James Murphy)

Nancy Sennett, Esq.
nsennett@foley.com
Foley & Lardner, LLP.
777 E. Wisconsin Avenue
Milwaukee, WI 53202-5367
Telephone: (414) 297-5503
Facsimile: (414) 297-4900
(Counsel for Defendant, Pulte Home Corporation)

The Wear Group, Inc.
c/o James Wear
18 Balsams Court
Hilton Head Island, SC 29926

10359045.2

| | |
|---|---|
| Jon M. Wilson, Esq. | Michael P. Matthews, Esq. |
| Julie A. Angelini, Esq. | Florida Bar No. 0063988 |
| Florida Bar No. 0058138 | mmatthews@foley.com |
| jangelini@foley.com | Foley & Lardner LLP |
| Foley & Lardner LLP | 100 North Tampa Street, Suite 2700 |
| 111 N. Orange Avenue, Suite 1800 | Tampa, Florida 33601 |
| Post Office Box 2193 | Telephone (813) 229-2300 |
| Orlando, FL 32802-2193 | Facsimile (813) 221-4210 |
| Telephone (407) 423-7656 | (Counsel for Defendant, Pulte Home Corporation) |
| Facsimile (407) 648-1743 | |
| (Counsel for Defendant, Pulte Home Corporation) | |