UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:08-cv-02120-ACC-GJK

BABY ROBERTA SOLIS BAMERT,
et. al.,

    Plaintiffs,

v.

PULTE HOME CORPORATION, a
Michigan Corporation, THE WEAR
GROUP, INC., OSCEOLA MANAGEMENT
& CONSULTING, INC., JAMES J. MURPHY,

    Defendants.
_____/

**PLAINTIFFS' OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION [DE 129]**

Plaintiffs object to the Magistrate's Report and Recommendation dated August 30, 2012 ("R&R") [D.E.129] which a) severed each of the 37 plaintiffs' claims from each other, b) directed each of the 37 plaintiffs to file an individual complaint, and c) declined to exercise supplemental jurisdiction over the plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(c)(2) because the Magistrate Judge concluded that the plaintiffs' state law securities claims predominate over their federal securities claims.

The R&R, if adopted in its entirety, would contradict the decision of the Eleventh Circuit that all the plaintiffs together alleged a facially plausible claim for the sale of investment contracts in unregistered securities. Severance *sua sponte* of the plaintiffs' claims from each other, claims properly joined under Fed.R.Civ.P. 20, is not justified in view of the Eleventh Circuit's holding that in order to determine whether the plaintiffs purchased investment contracts

10353184.4

in unregistered securities the court must "consider the whole transaction or scheme" together. Severance of each plaintiff from the other also contradicts the Magistrate Judge's ruling on the defendants motions to dismiss in his extensive June 11, 2012 Report and Recommendation [DE 114], subsequently adopted in its entirety by this Court in its August 10, 2012 Order [DE 122], which left Plaintiffs' sale of unregistered securities claims intact.

Even if severance could be somehow be justified, severance of each and every one of the 37 plaintiffs from the others is an extreme and prejudicial result for those who purchased their investment contracts as husband and wife (e.g., Jerry and Jessica Craft, Richard and Kimberly Fakadej, Dennis and Yvonne Fong, Ken Hong and Megan So Ming Hui, Frank and Mary Padilla, Darmandra and Tejmattee Ramdowe, Krishnadat and Ganmattee Ramdowe, Barbara and Stephen Reid, Peruvemba and Gloria Sundaresan, and Cheryl and Frank Tamada), father and son (e.g. Frank Scurti and Thomas Scurti), or through an entity or trust (e.g. Janos Farkas and the Vista Trust and the Isles Trust, and Michael "Dan" Graves and Kingdom Investments of Brandon, LLC). Indeed, joinder of husband and wife, father and son, and owner and entity plaintiffs appears to be required under Rule 19(a)(1)(A) or (B), which would cause many of the 37 separate lawsuits the R&R contemplates to be instantly subject to dismissal under Rule 19.

Declining to exercise supplemental jurisdiction over the plaintiffs' state law securities claims, all of which arise from the same common nucleus of operative fact as their federal claims, would be an abuse of discretion under settled Eleventh Circuit law, and this district's decisions, which apply 28 U.S.C. § 1367(c) liberally and counsel in favor of exercising supplemental jurisdiction over state law claims where, as here, the facts and circumstances are intertwined and related, and the applicable state law closely follows federal law.

Finally, with this objection Plaintiffs are contemporaneously filing a proposed Third Amended Complaint ("TAC") **only against Pulte**.[1] [D.E. 134]. The TAC asserts diversity as an additional jurisdictional basis over plaintiffs' state law claims. Diversity was not previously asserted as a basis for jurisdiction. However, now Pulte -- a Michigan corporation with a principal place of business in Michigan -- is the only remaining defendant and all the plaintiffs are diverse from Pulte. The proposed TAC is also considerably shorter than the Second Amended Complaint ("SAC") and avoids the repetition of allegations which caused the SAC to be long and unwieldy.[2] Therefore, if the Court declines supplemental jurisdiction over the state claims it still will have diversity jurisdiction over those same claims, another reason to overrule the R&R.

## BACKGROUND

1. In its decision entered October 26, 2011, the Eleventh Circuit determined that "Plaintiffs successfully allege that Pulte was affiliated with The Wear Group's promotion of OMC's rental agreements…[and] have sufficiently alleged the existence of an investment contract as to OMC, Mr. Murphy, The Wear Group, and Pulte as an affiliate of those defendants." [DE 94-1 at 23-24].

---

[1] Since the filing of the SAC, Plaintiffs have reached an agreement with OMC and Murphy to dismiss claims against them without prejudice. On September 12, 2012, Plaintiffs filed their Agreed Motion for Dismissal attaching the parties' Stipulation and requesting entry of dismissal pursuant to Rule 41. [DE 132]. With respect to Defendants Wear and TWG, the parties previously stipulated that this action may be dismissed as to Wear in view of his discharge in bankruptcy. [D.E. 100]. This Stipulation remains in effect and it was error for the Plaintiffs to assert claims against Wear in the SAC. Furthermore, in light of this Court's order dated March 22, 2012 [D.E. 109] advising TWG that its failure to retain counsel within fourteen days may result in the entry of a default, the Plaintiffs have moved for entry of a default against TWG on the Amended Complaint. [DE 133] This leaves only Pulte as a defendant.

[2] Plaintiffs drafted the SAC with an eye towards complying with the extensive pleading requirements in Rule 9(b) and the PSLRA, including the admonition in the Magistrate Judge's June 11, 2012 R&R (DE 114) to avoid group pleading. The result was, regrettably, a pleading of daunting length. Since then Plaintiffs have focused significant attention on consolidating allegations so that the TAC could set forth a considerably shorter statement of plaintiffs' claims while simultaneously meeting Rule 9(b)'s and the PSLRA's requirements for specificity.

3

2. Upon consideration of the remaining issues still pending on Defendants' Motions to Dismiss, Magistrate Judge Kelly dismissed the individualized fraud based claims with leave to amend pursuant to the heightened pleading requirements under the Private Securities Litigation Reform Act ("PSLRA") and Fed. R. Civ. P. Rule 9(b), but left intact the claim on behalf of all the Plaintiffs against all the defendants in Count I for sale of unregistered securities in violation of the Securities Act of 1933[3]. [D.E. 114]. The Court also left intact the claims on behalf of all the Plaintiffs against all the defendants for sale of unregistered securities and sale of securities by unregistered persons in violation of § 517.211.

3. The claims that Magistrate Judge Kelly granted leave to replead were all claims for fraud requiring individualized allegations of fraudulent misrepresentations, omissions, or fraudulent practices heard and relied upon by plaintiffs in connection with their purchases of the investment contracts at issue. The claims for which leave to replead was granted included not only the Plaintiffs' claims in Count III for fraud in violation 10b-5, but also Plaintiffs' state law securities fraud claims, common law fraud, negligent misrepresentation and the related FDUTPA claims. The Magistrate Judge dismissed without prejudice the Plaintiffs' state law claims for the same reasons as plaintiffs' 10b-5 claims, relying upon Fed. R. Civ. P. Rule 9(b). [DE 114 at 23-24].

4. On August 12, 2012, this Court adopted Magistrate Judge Kelly's Report and Recommendation in its entirety and rejected Pulte's arguments in opposition. [DE 122]. Just as Magistrate Judge Kelly had done, this Court left intact the claim on behalf of all the Plaintiffs against all the defendants in Count I for sale of unregistered securities in violation of the Securities Act of 1933. With respect to Counts IV and V for sale of unregistered securities and

---

[3] The Magistrate Judge noted that Section 12, not Section 5, provides the private right of action for this violation, and that Plaintiffs' claim was really under 15 U.S.C. §77l, but otherwise the Magistrate Judge left this claim stand as alleged on behalf of all plaintiffs against all defendants.

sale of securities by unregistered persons in violation of § 517.211, Florida Statutes, this Court deferred consideration of Pulte's argument that the releases and limitations of liability the contained in the purchase agreement bar these claims, but otherwise this Court left those claims intact.

5.  On August 27, 2012, Plaintiffs filed the SAC, an admittedly long document. Although voluminous, Plaintiffs' intent was not to burden the Court. Plaintiffs' intent was to comply with DE 114, DE 122, Rule 9(b) and the PSLRA. Plaintiffs needed to avoid group pleading. Plaintiffs needed to set forth elements of fraud with specificity as to each and every Plaintiff. This was a daunting task. Plaintiffs were conscious not only of their burden, but also that Pulte had argued, albeit unsuccessfully, that Plaintiffs should have no further opportunities to replead their claims.

6.  After filing the SAC in eight volumes at DE 125, *et. seq*. and 126, on August 30, 2012, Magistrate Judge Kelly *sua sponte* entered the R&R severing all the plaintiffs from each other, requiring separate complaints be filed for each, and declining supplemental jurisdiction over Plaintiffs' state law claims. [D.E. 129].

**<u>SEVERANCE OF EACH PLAINTIFFS' CLAIMS FOR SALE OF UNREGISTERED SECURITIES FROM THE OTHERS CONTRADICTS THE DECISIONS OF THE ELEVENTH CIRCUIT AND THIS COURT; SEVERANCE WILL RESULT IN UNNECESSARY AND PREJUDICIAL DUPLICATION OF EFFORT AND DOES NOT SERVE THE INTERESTS OF JUDICIAL ECONOMY.</u>**

In order for plaintiffs to prevail on their claims for the sale of unregistered securities, they must demonstrate that they purchased investment contracts as defined in *SEC v. W.J. Howey Co.,* 328 U.S. 293, 298–99, 66 S. Ct. 1100, 1103 (1946) and *SEC v. Unique Fin. Concepts, Inc.,* 196 F.3d 1195, 1199 (11th Cir. 1999). Furthermore, plaintiffs need to demonstrate that the investment contracts at issue were not registered as securities under the Securities Act of 1933 or

5

the Florida Securities and Investor Protection Act. In this case it is undisputed that the investment contracts alleged by the Plaintiffs were unregistered. Therefore, the only issue to be litigated on either the federal or state claims for sale of unregistered securities is whether the investment contracts involved (1) an investment of money, (2) a common enterprise, and (3) the expectation of profits to be derived solely from the efforts of others." *Unique Fin. Concepts, Inc.*, 196 F.3d at 1199.

The 37 Plaintiffs who filed this action joined together to file this action because, pursuant to Fed. R. Civ. P. Rule 20, they all assert a right to relief arising out of the same transaction and series of transactions, and because questions of law and fact common to all the plaintiffs will arise in this action. The relief sought by each and every plaintiff arises out of a transaction and series of transactions that involved the promotion and sale of the investment contracts to plaintiffs by PULTE, WEAR, TWG, OMC and MURPHY. The promotion and sale of investment contracts to each and every plaintiff all raise common questions of law and fact for each and every one.

Each plaintiff is a witness on behalf of every other plaintiff as to the sale of unregistered securities to each plaintiff and to all plaintiffs. All the plaintiffs are witnesses for each other and rely upon each other for proof showing that they were victims of a single scheme under which they were left with no significant control over their investment. Furthermore, a determination as to any one plaintiff that Pulte sold unregistered securities to any single plaintiff has the potential to bind Pulte as to all the plaintiffs.

The case for joinder under Rule 20 is strong. The case for joinder is so strong that Pulte never filed a motion to sever. Pulte's motion to dismiss [DE 49] was comprehensive, but never argued for severance. Furthermore, when the parties filed their Case Management Report on

August 31, 2012, they agreed to a discovery plan where they would first conduct depositions and serve written discovery requests on the issue of whether the Plaintiffs bought securities under the securities laws being sued upon. [DE 130 at 2]. No party advocated for severance of this central issue in this case.[4]

All the plaintiffs here were properly joined pursuant to Rule 20. Joinder under Rule 20 has "two prerequisites: 1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and 2) some question of law or fact common to all persons seeking to be joined." *Alexander v. Fulton County*, 207 F.3d 1303, 1322 (11th Cir. 2000). Both prerequisites are met here. Furthermore, "the central purpose of Rule 20[,] to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits," *Id.,* is served by joining together all the plaintiffs on their unregistered securities claims. All the plaintiffs' claims possess a logical relationship to each other. *Id. at 1323*. Since "all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence," *Id., citing Mosley v. General Motors,* 497 F.2d 1330, 1333 (8th Cir. 1974), the events surrounding the sale of investment contracts by the defendants to all the plaintiffs bear a logical relationship sufficient to support joinder.

The Eleventh Circuit in *Alexander* advised that the "Supreme Court has instructed the lower courts to employ a liberal approach to permissive joinder of claims and parties in the interest of judicial economy" in *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966). The approach taken by the Magistrate Judge in the R&R runs counter to this liberal approach. This is not a case where any potential prejudice to the litigants can be found by allowing the action to move forward as pled. On the contrary, the prejudice to plaintiffs from severance is real and

---

[4] Plaintiffs requested Pulte join in this objection on the basis that it was in all the parties' interest to litigate the unregistered securities claims in a single proceeding but they refused.

7

palpable since it requires a multiplicity of unnecessary and burdensome filings that serve no purpose.

The Plaintiffs are mindful that at the appropriate time after discovery it may be appropriate to sever one or more of the plaintiffs' fraud based claims from the others for trial pursuant to Fed. R. Civ. P. Rule 42(b). This common sense approach is often employed in this district in cases where several plaintiffs have joined claims that lack elements of fraud with fraud based claims. In such cases, this Court has denied motions to sever without prejudice pending discovery with leave to renew the motion for severance at the appropriate time. Such a procedure is far more appropriate then severance because if plaintiffs are forced to file 37 separate lawsuits in this Court it will be necessary to seek consolidation under Rule 42(a) in all those suits to obtain a measure of economy.[5]

*Aaron v. Trump*, 2010 U.S. Dist. LEXIS 128358, Case No. 8:09-CV-2493-T-23AEP (M.D. Fla. Nov. 12, 2010) is an example. In *Aaron*, Plaintiffs alleged that the Defendants made misrepresentations regarding the sale of high-rise condominium units in violation of the Interstate Land Sales Act. *Aaron* case joined fifty-two individuals as Plaintiffs. Defendants sought to sever each of the Plaintiffs claims from the others. The Magistrate Judge in *Aaron* issued a report and recommendation that the motion to sever be denied because Plaintiffs' claims involved the same allegedly fraudulent scheme and were premised on identical misrepresentations by defendants in publications and brochures and gave rise to identical claims. The defendants filed an objection with the district court, and the district court confirmed the Magistrate Judge's report and recommendation. *Aaron v. Trump*, 2010 U.S. Dist. LEXIS 128389 (M.D. Fla. Dec. 6, 2010).

---

[5] It would stand to reason that Pulte would prefer that its witnesses be deposed on issues related to the sale of unregistered securities once instead of 37 times. However, in the absence of consolidation or agreement of the parties that is a potential result of the R&R.

10353184.4

*Slayter v. DC, 701, LLC*, 2008 U.S. Dist. LEXIS 68159 (M.D. Fla. July 3, 2008) provides another example, this time in the securities context. Just like in the instant case, *Slater* involved 37 plaintiffs alleging that they were sold investment contracts in real estate condominiums. Just like in the instant case, plaintiffs in *Slater* alleged violations of Rule 10b-5 and Chapter 517 by defendants who enticed investors with misrepresentations in brochures and presentations. Defendants filed a motion to sever the 37 claims under Fed. R. Civ. P. 20, which this Court denied because plaintiffs' claims all involved the same allegedly fraudulent scheme, premised on identical misrepresentations by the same individuals using the same brochures and promotional materials. This Court determined that severance would yield unnecessary duplication of effort by the Court and the parties, and would not serve the interests of judicial economy.

The decisions in *Aaron* and *Slater* compel the same result in the instant case. As in *Aaron* and *Slater,* a decision not to sever the plaintiffs claims here would not forclose consideration of severance under Rule 42(b) later in the case if severance for trial was justified. However, the interests of judicial economy, and avoidance of duplication of effort, counsel in favor of the same result here as in *Aaron* and *Slater*.

**THE COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS ALL OF WHICH DERIVE FROM A COMMON NUCLEUS OF OPERATIVE FACT AS THE PLAINTIFFS' FEDERAL CLAIMS, REQUIRE THE SAME OR SIMILAR PROOF AS THE FEDERAL CLAIMS, AND DO NOT PREDOMINATE OVER THE FEDERAL CLAIMS**

28 U.S.C. § 1367(a) authorizes district courts to exercise supplemental jurisdiction over all state claims that arise out of a common nucleus of operative fact with a substantial federal claim. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). The Eleventh Circuit has counseled in favor of the exercise of supplemental jurisdiction over state law claims where such claims arise from the same or similar set of facts as the Plaintiffs' federal claims.

The Eleventh Circuit has determined it to be an abuse of discretion to dismiss pendant state claims where the state claims arose from the same facts as the federal claims. *See L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). Where state claims are found to be closely connected with the federal claims, arise out of a common nucleus of operative fact, and the same issues of fact will be raised for the state and federal claims; "considerations of judicial economy, convenience, and fairness to the litigants counsel a trial of both federal and state claims before the same tribunal." *Prater v. United Mine Workers, Dists. 20 & 23,* 793 F.2d 1201, 1209-10 (11th Cir. 1986)(finding it an abuse of discretion to decline to exercise jurisdiction over pendent state claims). *See also, Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 738 (11th Cir. 2006)(district court's decision not to exercise supplemental jurisdiction because the federal claims had been resolved and only the state damages claims remained was an abuse of discretion since there was no substantial predomination of state claims and the district court had the power to supplemental jurisdiction over them).

The Eleventh Circuit has not hesitated to affirm determinations to hear both federal and state claims together where, as here, the claims derive from a common nucleus of operative fact and rely on identical actions of the defendants. *See Lucero v. Trosch,* 121 F.3d 591, 597 (11th Cir. 1997)(district court's decision to hear state claims after refusing to issue a preliminary injunction on the federal claims affirmed); *Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1563-64 (11th Cir. 1994)(a federal court has the power under section 1367(a) to exercise pendent jurisdiction over state claims which arise from the same occurrence and involve the same or similar evidence).

In the instant case, the plaintiffs' state law claims for securities fraud, common law fraud, negligent misrepresentation, and FDUTPA, all arise from the same common nucleus of operative

fact as plaintiffs' claims for the sale of unregistered securities and securities fraud in violation of Rule 10b-5. Plaintiffs' state law claims rely on the same activity, will be proven by the same witnesses, and have the same or similar elements of proof as plaintiffs' federal claims.

The Magistrate Judge's determination that the plaintiffs' state law claims predominate over the federal claims appears to have involved a numerical comparison of the number of state claims versus the number of federal claims. The R&R states that "each plaintiff asserts four (4) related claims for securities fraud upon which this Court has original jurisdiction and fourteen (14) state law claims upon which this Court may, in its discretion, exercise supplemental jurisdiction." It appears from this recitation that the Magistrate Judge recommended this Court decline jurisdiction based simply on a quantitative evaluation of the number of state law claims versus the number of federal claims. This was error.

The determination of substantial predominance under 28 U.S.C. § 1367(c)(2) requires the court to weigh whether the state claims predominate from a qualitative, not quantitative, standpoint. Whether state law claims 'substantially predominate' over federal claims requires a "qualitative rather than quantitative inquiry." *Moore v. DeBiase*, 766 F. Supp. 1311, 1319 n. 15 (D. N.J. 1991). "The question comes down to whether the state law claims are more complex or require more judicial resources to adjudicate or are more salient in the case as a whole than the federal law claims." *Id*

Substantial predominance exists when a state claim constitutes the real body of a case, to which the federal claim is only an appendage. *See McNerny v. Nebraska Public Power Dist.*, 309 F. Supp. 2d 1109, 1117-18 (D. Neb. 2004), (citing *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3rd Cir. 2003) (*quoting Gibbs*, 383 U.S. at 727, 86 S. Ct. at 1140)) (internal quotes omitted). When the proof, scope of issues, and remedies sought under both state law and federal

11

law are similar, the state law claims are not considered to "substantially predominate" over the federal claims. *See, e.g.*, *McNerny v. Neb. Pub. Power Dist.*, 309 F. Supp.2d 1109, 1117-18 (D. Neb. 2004); *Palmer,* 22 F.3d at 1563-4 (court had authority to exercise supplemental jurisdiction over Georgia state-law claims since claims all arose from same two events, and involved same witnesses, same evidence, and determination of same, or very similar, facts).

There is no support for the use of a numerical calculation to determine whether state law claims predominate over federal claims. It is the substance that matters. When the substance of Plaintiffs' state claims are compared to the federal claims in this case, the obvious conclusion is that they all derive from a common nucleus of operative fact and the state claims do not predominate.

The elements required to prove plaintiffs' federal claims for sale of unregistered securities are essentially identical to those required to prove plaintiffs' state law unregistered securities claims. The same is true for Plaintiffs' federal securities fraud claims and their state fraud based claims. Plaintiffs' claims under Section 10(b) or Rule 10b-5 require proof of (1) a misstatement or omission (2) of a material fact (3) made with scienter (4) upon which the plaintiff relied (5) that proximately caused the plaintiffs' loss. *Gochnauer v. A.G. Edwards & Sons, Inc.*, 810 F.2d 1042, 1046 (11th Cir. 1987). The proof required for state securities fraud are identical except that the scienter requirement under Florida law is satisfied by a showing of mere negligence, whereas the minimum showing under Rule 10b-5 is reckless disregard. *See Merrill Lynch, Pierce, Fenner & Smith v. Byrne*, 320 So. 2d 436 (Fla. 3rd DCA1975) (negligence satisfies scienter requirements under Florida law). The elements to prove plaintiffs' common law fraud, negligent misrepresentation, and FDUTPA claims are also similar to plaintiff's 10b-5 claims. The remedies available under all the claims are also highly similar or identical.

12

This is not a case where the state law claims require different elements of proof from the federal claims. Given the similarity of the state and federal claims both in language and interpretation, and the equivalence of the remedies sought, Plaintiffs' state law claims should remain in this Court to avoid conflicting decisions over identical issues in different courts.

Finally, severance will result in a waste of judicial resources. Requiring plaintiffs to present the same evidence in two different courts runs counter to the policy of conservation of judicial energy and serves to multiply litigation unnecessarily. *Rosado v. Wyman*, 397 U.S. 397, 405, 90 S. Ct. 1207, 1214, 25 L. Ed. 2d 442 (1970). Having a state court rehash issues that have already been argued in federal court not only creates a multiplicity of litigation but also presents a real threat of conflicting decisions.

Considerations of judicial economy, convenience and fairness to litigants favor assumption of federal jurisdiction over the entire case. *See Gibbs*, 383 U.S. at 726. Plaintiffs' claims should all be heard in this Court. For these reasons, the R&R should be overruled.

>
> Respectfully submitted,
> ARNSTEIN & LEHR LLP
> Attorney for Plaintiffs
> 515 North Flagler Drive
> Northbridge Centre – 6th Floor
> West Palm Beach, FL 33401
> 561/833-9800 (ofc.)
> 561/655-5551 (fax)
>
> By:/s/ Joel B. Rothman
> Joel B. Rothman
> Florida Bar No. 98220
> jrothman@arnstein.com

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 13th day of September, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                          Respectfully submitted,
                          ARNSTEIN & LEHR LLP
                          Attorney for Plaintiffs
                          515 North Flagler Drive
                          Northbridge Centre – 6th Floor
                          West Palm Beach, FL 33401
                          561/833-9800 (ofc.)
                          561/655-5551 (fax)

                       By:/s/ Joel B. Rothman
                          Joel B. Rothman
                          Florida Bar No. 98220
                          jrothman@arnstein.com

10353184.4

**SERVICE LIST**
**BABY ROBERTA SOLIS BAMERT, JERRY CRAFT, JESSICA CRAFT, JOSEPH DENOIA, RICHARD FAKADEJ, KIMBERLY FAKADEJ, JANOS FARKAS, THE VISTA TRUST, THE ISLE TRUST, WINIFRED FIELDS, DENNIS FONG, YVONNE FONG, KEN HONG, MEGAN SO MING HUI, MUK SUM HUI, RICHARD JASIN, AIMEE OCHOTORENA, FRANK PADILLA, MARY PADILLA, MARILOU PULMANO, DARMANDRA RAMDOWE, TEJMATTEE RAMDOWE, KRISHNADAT RAMDOWE, GANMATTEE RAMDOWE, BARBARA REID, STEPHEN REID, DONALD SCRIMGEOUR, FRANK SCURTI, THOMAS SCURTI, PERUVEMBA SUNDARESAN, GLORIA SUNDARESAN, CHERYL TAMADA, FRANK TAMADA, DANIEL TRAN and TOM TRAN, MICHAEL GRAVES AND KINGDOM INVESTMENTS OF BRANDON, INC., Plaintiffs v. PULTE HOME CORPORATION, a Michigan Corporation, THE WEAR GROUP, INC., OSCEOLA MANAGEMENT & CONSULTING, INC., JAMES J. MURPHY, Defendants.**
**CASE NO. 6:08-cv-02120-ACC-GJK**
**United States District Court, Middle District of Florida**

Ronald S. Nisonson, Esq.
Florida Bar No. 79405
rnisonson@warddamon.com
Ward Damon
4420 Beacon Circle
West Palm Beach, Florida 33407
Telephone: 561-842-3000
Facsimile: 561-842-3626
(Counsel for Plaintiffs)

Amanda L. Chapman, Esq.
Florida Bar No. 176095
amanda.chapman@gmlaw.com
David Richard Lenox, Esq.
Florida Bar No. 455059
david.lenox@gmlaw.com
Greenspoon Marder, P.A.
201 East Pine Street, Suite 500
Orlando, Florida 32801
Telephone: 407-425-6559
Facsimile: 407- 563-9643
(Counsel for Defendants, Osceola Management & Consulting, Inc. and James Murphy)

Nancy Sennett, Esq.
nsennett@foley.com
Foley & Lardner, LLP.
777 E. Wisconsin Avenue
Milwaukee, WI 53202-5367
Telephone: (414) 297-5503
Facsimile: (414) 297-4900
(Counsel for Defendant, Pulte Home Corporation)

The Wear Group, Inc.
c/o James Wear
18 Balsams Court
Hilton Head Island, SC 29926

10353184.4

| | |
|---|---|
| Jon M. Wilson, Esq.<br>Julie A. Angelini, Esq.<br>Florida Bar No. 0058138<br>jangelini@foley.com<br>Foley & Lardner LLP<br>111 N. Orange Avenue, Suite 1800<br>Post Office Box 2193<br>Orlando, FL 32802-2193<br>Telephone (407) 423-7656<br>Facsimile (407) 648-1743<br>(Counsel for Defendant, Pulte Home Corporation) | Michael P. Matthews, Esq.<br>Florida Bar No. 0063988<br>mmatthews@foley.com<br>Foley & Lardner LLP<br>100 North Tampa Street, Suite 2700<br>Tampa, Florida 33601<br>Telephone (813) 229-2300<br>Facsimile (813) 221-4210<br>(Counsel for Defendant, Pulte Home Corporation) |