UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| BABY ROBERTA SOLIS BAMERT, JERRY CRAFT, JESSICA CRAFT, JOSEPH DENOIA, RICHARD FAKADEJ, KIMBERLY FAKADEJ, JANOS FARKAS, THE VISTA TRUST, THE ISLE TRUST, WINIFRED FIELDS, DENNIS FONG, YVONNE FONG, KEN HONG, MEGAN SO MING HUI, MUK SUM HUI, RICHARD JASIN, AIMEE OCHOTORENA, FRANK PADILLA, MARY PADILLA, MARILOU PULMANO, DARMANDRA RAMODOWE, TEJMATTEE RAMDOWE, KRISHNADAT RAMDOWE, GANMATTEE RAMDOWE, BARBARA REID, STEPHEN REID, DONALD SCRIMGEOUR, FRANK SCURTI, THOMAS SCURTI, PERUVEMBRA SUNDARESAN, GLORIA SUNDARESAN, CHERYL TAMADA, FRANK TAMADA, DANIEL TRAN, TOM TRAN, MICHAEL D. GRAVES and KINGDOM INVESTMENTS OF BRANDON, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | |
| v. | | Case No. 6:08-cv-2120-ORL-22-GJK |
| PULTE HOME CORPORATION, THE WEAR GROUP, INC., OSCEOLA MANAGEMENT & CONSULTING, INC., and JAMES J. MURPHY, | | |
| Defendants. | | |

## DEFENDANT PULTE HOME CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Defendant Pulte Home Corporation opposes Plaintiffs' Motion for Leave to File a Third Amended Complaint (Dkt. No. 134) for the reasons set forth in Pulte's Response to Plaintiffs' Objection to Magistrate Judge's Report and Recommendation Regarding Severance (Dkt. No. 138), which is incorporated herein by reference. For the reasons stated in that Response, the

4832-2138-4977.1

Court should sever Plaintiffs' claims and direct Plaintiffs to file new individual actions. Plaintiffs' proposed Third Amended Complaint is shorter than their Second Amended Complaint – primarily because it asserts claims only against Pulte rather than repeating each Plaintiff's claim against each of five Defendants – but it does not cure the deficiencies noted by Magistrate Judge Kelly.

The state law claims still predominate over the federal law claims, and each Plaintiff's claims will still require individualized proof.  In fact, the Third Amended Complaint would be even more ripe for severance because as noted in Pulte's Response to Plaintiffs' Objection, Pulte was not giving presentations to all Plaintiffs at the same time or issuing materials all Plaintiffs relied on.  Instead, Pulte is alleged to have had on-site representatives that allegedly told different Plaintiffs different things in different meetings and conversations.  (*See, e.g.,* Second Am. Compl., Doc. 125, ¶¶ 205, 209, 213, 217, 221 (Plaintiff Bamert)[1]; Doc. 125-1, ¶¶ 67, 71, 75, 79, 83 (Plaintiffs Craft); Doc. 125-1, ¶¶ 443, 447, 451, 455, 459 (Plaintiff Denoia); Doc. 125-1, ¶¶ 821, 825, 829, 833, 837 (Plaintiffs Fakadej); Doc. 125-2, ¶¶ 67, 71, 75, 79, 83 (Plaintiffs Farkas, the Vista Trust and the Isle Trust); Doc. 125-2, ¶¶ 445, 449, 453, 457, 461 (Plaintiff Fields); Doc. 125-2, ¶¶ 823, 827, 831, 835, 839 (Plaintiffs Fong); Doc. 125-3, ¶¶ 67, 71, 75, 79, 83 (Plaintiffs Hong and So Ming Hui); Doc. 125-3, ¶¶ 445, 449, 453, 457, 461 (Plaintiff Muk Sum Hui); Doc. 125-3, ¶¶ 823, 827, 831, 835, 839 (Plaintiff Jasin); Doc. 125-4, ¶¶ 67, 71, 75, 79, 83 (Plaintiffs Graves and Kingdom Investments of Brandon, LLC); Doc. 125-4, ¶¶ 445, 449, 453, 457, 461 (Plaintiff Ochotorena); Doc. 125-4, ¶¶ 823, 827, 831, 835, 839 (Plaintiffs Padilla); Doc. 125-5, ¶¶ 67, 71, 75, 79, 83 (Plaintiff Pulmano); Doc. 125-5, ¶¶ 445, 449, 453, 457, 461

---

[1] Plaintiffs repeats these same allegations in each of their counts against each defendant in the Second Amended Complaint.  These references are to the paragraphs contained in each Plaintiffs' Count C against Pulte alleging federal securities fraud.

(Plaintiffs D. & T. Ramdowe); Doc. 125-5, ¶¶ 823, 827, 831, 835, 839 (Plaintiffs K. & G. Ramdowe); Doc. 125-6, ¶¶ 67, 71, 75, 79, 83 (Plaintiffs Reid); Doc. 125-6, ¶¶ 445, 449, 453, 457, 461 (Plaintiff Scrimgeour); Doc. 125-6, ¶¶ 824, 828, 832, 836, 840 (Plaintiffs Scurti); Doc. 126, ¶¶ 67, 71, 75, 79, 83 (Plaintiffs Sundaesan); Doc. 126, ¶¶ 458, 462, 466, 470, 474 (Plaintiffs Tamada); Doc. 126, ¶¶ 872, 876, 880, 884, 888 (Plaintiff Daniel Tran); Doc. 126, ¶¶ 872, 876, 880, 884, 888 (Plaintiff Tom Tran))[2]

In addition, Plaintiffs' Motion for Leave to File a Third Amended Complaint should be denied because the proposed Third Amended Complaint again does not meet the pleading standards of Rule 9(b), Rule 12(b)(6), or the PSLRA, and any such amendment would be futile. Pursuant to *Janus Capital Group, Inc. v. First Derivative Traders*, 131 S. Ct. 2296 (2011), Plaintiffs are limited to asserting alleged misrepresentations made solely by Pulte, and Pulte's on-site representatives' alleged statements, e.g. that "nobody wants to make a mortgage payment" and that a representative wanted to make a purchase herself (Third Am. Compl. ¶ 159), simply do not state a fraud claim. Further, Plaintiffs do not come close to pleading scienter in accordance with the demanding standards of the PSLRA. For these and other reasons any additional amendments would be futile.

Accordingly, Pulte respectfully requests that this Court deny Plaintiffs' Motion for Leave to File a Third Amended Complaint.

---

[2] *See also* proposed Third Am. Compl., ¶¶ 160-162 (Plaintiff Bamert); ¶¶ 189-191 (Plaintiffs Crafts); ¶¶ 221-223 (Plaintiff Denoia); ¶¶ 251-253 (Plaintiffs Fakadej); ¶¶ 281-283 (Plaintiffs Farkas, the Vista Trust and the Isle Trust); ¶¶ 311-313 (Plaintiff Fields); ¶¶ 341-343 (Plaintiffs Fong); ¶¶ 371-373 (Plaintiffs Hong and So Ming Hui); ¶ 401 (Plaintiff Muk Sum Hui); ¶¶ 429-431 (Plaintiff Jasin); ¶¶ 459-461 (Plaintiffs Graves and Kingdom Investments of Brandon, LLC); ¶¶ 489-491 (Plaintiff Ochotorena); ¶¶ 519-521 (Plaintiffs Padilla); ¶ 549 (Plaintiff Pulmano); ¶¶ 577-579 (Plaintiffs D. & T. Ramdowe); ¶¶ 607-609 (Plaintiffs K. & G. Ramdowe); ¶¶ 638-640 (Plaintiffs Reid); ¶¶ 668-670 (Plaintiff Scrimgeour); ¶¶ 698-700 (Plaintiffs Scurti); ¶¶ 728-730 (Plaintiffs Sundaesan); ¶¶ 760-762 (Plaintiffs Tamada); ¶¶ 792-794 (Plaintiff Daniel Tran); ¶¶ 792-794 (Plaintiff Tom Tran)

4832-2138-4977.1

Dated:  September 27, 2012                    Respectfully submitted,


                                              /s/ Julie A. Angelini
                                              Jon M. Wilson, Florida Bar No. 0139892
                                              jwilson@foley.com
                                              Julie A. Angelini, Florida Bar No. 0058138
                                              jangelini@foley.com
                                              Foley & Lardner LLP
                                              111 North Orange Avenue, Suite 1800
                                              Orlando, Florida 32801-2386
                                              407.423.7656
                                              407.648.1743 (facsimile)

                                              Michael P. Matthews, Florida Bar No. 0063988
                                              mmatthews@foley.com
                                              Foley & Lardner LLP
                                              100 North Tampa Street, Suite 2700
                                              Tampa, Florida 33601-3391
                                              813.229.2300
                                              813.221.4210 (facsimile)

                                              Nancy J. Sennett, admitted *pro hac vice*
                                              nsennett@foley.com
                                              Foley & Lardner LLP
                                              777 East Wisconsin Avenue
                                              Milwaukee, Wisconsin 53202-5306
                                              414.271.2400
                                              414.297.4900 (facsimile)
                                              *Attorneys for Defendant Pulte Home*
                                              *Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court for the Middle District of Florida by using the CM/ECF system, and notice was sent electronically to: Harley J. Storrings, Andrea Cox and Carolyn Anderson, Arnstein & Lehr, LLP, 200 S. Biscayne Blvd., Suite 3600, Miami, Florida, 33131, hstorrings@arnstein.com, acox@arnstein.com, cbanderson@arnstein.com; Joel B. Rothman and Lorri Lomnitzer, Arnstein & Lehr, LLP, 515 N. Flagler Dr., Suite 600, West Palm Beach, Florida 33401, jrothman@arnstein.com, LLomnitzer@arnstein.com; Ronald S. Nisonson, Ward Damon Posner Pheterson & Bleau, P.L., 4420 Beacon Cir., West Palm Beach, Florida, 33047, nisonsonlaw@bellsouth.net; Wayne Morris Alder, Sieden, Alder & Matthewman, P.A., 7795 NW Beacon Square Blvd., Suite 201, Boca Raton, Florida 33487, wmalder@seidenlaw.com; K. Hunter Goff, K. Hunter Goff, P.A., 1215 E. Livingston St., Orlando, Florida 32803, hunter@khuntergoffpa.com; and Amanda L. Chapman and David Richard Lennox, Greenspoon Marder, P.A. 201 E. Pine St., Suite 500, Orlando, Florida 32801, amanda.chapman@gmlaw.com, david.lenox@gmlaw.com, and served via U.S. Mail on James E. Wear, 18 Balsams Court, Hilton Head Island, SC 29926 on this 27th day of September, 2012.

/s/ Julie A. Angelini
Julie A. Angelini
Florida Bar No. 0058138
jangelini@foley.com

4832-2138-4977.1