UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:  6:08-cv-02120-ACC-GJK

BABY ROBERTA SOLIS BAMERT,
et. al.,

    Plaintiffs,

v.

PULTE HOME CORPORATION, a
Michigan Corporation, THE WEAR
GROUP, INC., OSCEOLA MANAGEMENT
& CONSULTING, INC., JAMES J. MURPHY,

    Defendants.
_____/

## PLAINTIFFS' REPLY TO PULTE HOME CORPORATION'S RESPONSE TO OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION [DE 129]

Plaintiffs offer this reply to correct two statements made by Pulte Home Corporation ("Pulte") in its Response to Plaintiffs' Objection to Magistrate Judge Kelly's Report and Recommendation. [DE 138].

The first statement appears on page 2 of DE 138 and states that "Pulte is alleged to have had on-site representatives **that purportedly told different Plaintiffs different things** in different meetings and conversations." The bolded text is incorrect. The different Plaintiffs were not told "different things." The Plaintiffs' allege in both the Second Amended Complaint ("SAC") and the proposed Third Amended Complaint ("TAC") that they were **told the same things about the investment contracts by Pulte's on-site sales representatives, Maria Richardson, Oliver Dommel, and Jason Germaine, and by Pulte's agents Wear and TMC**.[1]

---

[1] For example, in paragraph 83 of the TAC, in the section setting forth facts common to all counts, the term "MATERIAL MISREPRESENTATIONS" is defined to mean the eight separate statements set forth under letters a. through h. Thereafter, the factual allegations by each plaintiff in their individual counts VII through XXVII allege

10388647.1

The differences reside not in what was said, which was the same for all Plaintiffs, but rather when, where, and by whom the statements were made. This is a critical distinction because **the fact that the Plaintiffs were all told the same fraudulent things is one factor that binds them all together as victims of a scheme for the sale of unregistered securities**.

The second statement appears on page five of DE 138 where Pulte cites the "time-of-filing" rule, first adopted in *Mollan v. Torrance*, 22 U.S. 537 (1824), and reaffirmed in *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567 (2004), for the proposition that diversity jurisdiction did not exist when this case was filed and therefore it can never exist. Pulte's argument is a *non sequitor* because this action was filed alleging jurisdiction based on federal question, not diversity. Pulte's argument also fails to account for the recognized exception to the "time-of-filing" rule that permits this Court to drop dispensable parties whose presence in a case may divest the court of diversity jurisdiction *sua sponte* or on a party's motion. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 76 (1996); *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1335 (11th Cir. 2011); *Cornelius v. U.S. Bank Nat'l Ass'n*, 452 Fed. Appx. 863, 865 (11th Cir. 2011). That is exactly the situation here where Plaintiffs have asserted diversity jurisdiction over their state law claims in the TAC and dropped all non-diverse parties. Under these circumstances, where both federal question and diversity jurisdiction exists, no legitimate purpose is served by forcing Plaintiffs to file seventy three (73) new cases[2] where the pending one is sufficient.

---

details about when, where and by whom **all of the MATERIAL MISREPRESENTATIONS were made**. *See* DE 134-1. The only differences from one plaintiff to the next concern who made the MATERIAL MISREPRESENTATIONS, when they were made, and how they were made. But there is no doubt the TAC and SAC allege that every single one of the MATERIAL MISREPRESENTATIONS were made to every plaintiff, either directly or indirectly, in some way, shape or form, by someone for whom Pulte may be held liable.

[2] Seventy three new cases are required by the Magistrate Judge's R&R because the R&R a) severed each and every one of the thirty seven (37) Plaintiffs' federal claims from the other Plaintiffs, and b) dismissed each and every one of the thirty seven (37) Plaintiffs' state law claims. Thus, the R&R requires a) each Plaintiff (except one) to file a new case in federal court for his or her federal claims, and b) each Plaintiff (without exceptions) to file a separate new case in federal court for his or her state law claims.

        Respectfully submitted,
        ARNSTEIN & LEHR LLP
        Attorney for Plaintiffs
        515 North Flagler Drive
        Northbridge Centre – 6th Floor
        West Palm Beach, FL 33401
        561/833-9800 (ofc.)
        561/655-5551 (fax)

By: /s/ Joel B. Rothman
     Joel B. Rothman
     Florida Bar No. 98220
     jrothman@arnstein.com

10388647.1

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 3rd day of October, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                      Respectfully submitted,
                                      ARNSTEIN & LEHR LLP
                                      Attorney for Plaintiffs
                                      515 North Flagler Drive
                                      Northbridge Centre – 6th Floor
                                      West Palm Beach, FL 33401
                                      561/833-9800 (ofc.)
                                      561/655-5551 (fax)


                                By:/s/ Joel B. Rothman
                                    Joel B. Rothman
                                    Florida Bar No. 98220
                                    jrothman@arnstein.com

**SERVICE LIST**
**BABY ROBERTA SOLIS BAMERT, JERRY CRAFT, JESSICA CRAFT, JOSEPH DENOIA, RICHARD FAKADEJ, KIMBERLY FAKADEJ, JANOS FARKAS, THE VISTA TRUST, THE ISLE TRUST, WINIFRED FIELDS, DENNIS FONG, YVONNE FONG, KEN HONG, MEGAN SO MING HUI, MUK SUM HUI, RICHARD JASIN, AIMEE OCHOTORENA, FRANK PADILLA, MARY PADILLA, MARILOU PULMANO, DARMANDRA RAMDOWE, TEJMATTEE RAMDOWE, KRISHNADAT RAMDOWE, GANMATTEE RAMDOWE, BARBARA REID, STEPHEN REID, DONALD SCRIMGEOUR, FRANK SCURTI, THOMAS SCURTI, PERUVEMBA SUNDARESAN, GLORIA SUNDARESAN, CHERYL TAMADA, FRANK TAMADA, DANIEL TRAN and TOM TRAN, MICHAEL GRAVES AND KINGDOM INVESTMENTS OF BRANDON, INC., Plaintiffs v. PULTE HOME CORPORATION, a Michigan Corporation, THE WEAR GROUP, INC., OSCEOLA MANAGEMENT & CONSULTING, INC., JAMES J. MURPHY, Defendants.**
**CASE NO.  6:08-cv-02120-ACC-GJK**
**United States District Court, Middle District of Florida**

Ronald S. Nisonson, Esq.
Florida Bar No. 79405
rnisonson@warddamon.com
Ward Damon
4420 Beacon Circle
West Palm Beach, Florida 33407
Telephone:  561-842-3000
Facsimile:  561-842-3626
(Counsel for Plaintiffs)

Amanda L. Chapman, Esq.
Florida Bar No. 176095
amanda.chapman@gmlaw.com
David Richard Lenox, Esq.
Florida Bar No. 455059
david.lenox@gmlaw.com
Greenspoon Marder, P.A.
201 East Pine Street, Suite 500
Orlando, Florida  32801
Telephone:  407-425-6559
Facsimile:  407- 563-9643
(Counsel for Defendants, Osceola Management & Consulting, Inc. and James Murphy)

Nancy Sennett, Esq.
nsennett@foley.com
Foley & Lardner, LLP.
777 E. Wisconsin Avenue
Milwaukee, WI 53202-5367
Telephone: (414) 297-5503
Facsimile: (414) 297-4900
(Counsel for Defendant, Pulte Home Corporation)

The Wear Group, Inc.
c/o James Wear
18 Balsams Court
Hilton Head Island, SC 29926

10388647.1

| | |
|---|---|
| Jon M. Wilson, Esq.<br>Julie A. Angelini, Esq.<br>Florida Bar No. 0058138<br>jangelini@foley.com<br>Foley & Lardner LLP<br>111 N. Orange Avenue, Suite 1800<br>Post Office Box 2193<br>Orlando, FL 32802-2193<br>Telephone (407) 423-7656<br>Facsimile (407) 648-1743<br>(Counsel for Defendant, Pulte Home Corporation) | Michael P. Matthews, Esq.<br>Florida Bar No. 0063988<br>mmatthews@foley.com<br>Foley & Lardner LLP<br>100 North Tampa Street, Suite 2700<br>Tampa, Florida 33601<br>Telephone (813) 229-2300<br>Facsimile (813) 221-4210<br>(Counsel for Defendant, Pulte Home Corporation) |

10388647.1