UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BABY ROBERTA SOLIS BAMERT, et al.,

Plaintiffs,

v.

PULTE HOME CORPORATION, and THE WEAR GROUP, INC.,

Defendants.

Case No. 6:08-cv-2120-ORL-22-GJK

**DEFENDANT PULTE HOME CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION TO SUBSTITUTE REVISED PROPOSED THIRD AMENDED COMPLAINT**

Defendant Pulte Home Corporation ("Pulte") believes that because Plaintiffs seek to make additional substantive revisions to their most recent proposed Third Amended Complaint, they should file a motion for leave to amend pursuant to Federal Rule of Civil Procedure 15, not simply a "Motion to Substitute" the proposed pleading (Dkt. No. 144), which would be appropriate only for correcting typographical and other inadvertent errors. To the extent the Court interprets Plaintiffs' Motion to Substitute as a motion for leave to amend pursuant to Rule 15, the motion should be denied for the reasons set forth in Pulte's Opposition to Plaintiffs' Motion to Amend (Dkt. No. 139), incorporated by reference herein.[1]

Also, the additional substantive revisions Plaintiffs seek to make to their proposed Third Amended Complaint, as set forth in their Motion to Substitute, likewise would be futile. The

[1] It should be noted that the Magistrate Judge's Report and Recommendation regarding Plaintiffs' Second Amended Complaint (Dkt. No. 129) remains pending. If the Court adopts the Report and Recommendation, Plaintiffs would be required to file separate individual complaints in new lawsuits, and both Plaintiffs' Motion for Leave to File a Third Amended Complaint and Plaintiffs' Motion to Substitute would become moot.

revised proposed Third Amended Complaint still fails to satisfy the heightened pleading requirements of Rule 9(b) and the PSLRA (Private Securities Litigation Reform Act). Plaintiffs assert that Pulte executives "were aware of the terms" of the alleged investments being promoted by former defendants James Murphy, OMC, and James Wear and the Wear Group, Inc. that allegedly created a "danger of misleading buyers like the Plaintiffs." (Dkt. No. 144 at 4.)

This does not come close to pleading a securities fraud claim in compliance with the PSLRA and Rule 9(b). First, these additional proposed allegations do not assert that Pulte or any Pulte executive actually made any of the alleged statements themselves, only that they "were aware of" others making statements. As a matter of law, this does not state a claim against Pulte for Pulte "making" material misstatements, pursuant to *Janus Capital Group, Inc. v. First Derivative Traders*, 131 S. Ct. 2296 (2011). As for scienter, Plaintiffs again do not come close to satisfying the heightened pleading standards of the PSLRA. They allege only that Pulte executives "were aware of" short-term rental arrangements being offered, not that statements were false. Moreover, Eleventh Circuit precedent clearly requires that because corporations have no state of mind of their own, Plaintiffs must plead that the same Pulte executives who made the statements at issue (though no statements by Pulte executives are alleged here) were the ones who had the required state of mind. *Mizzaro v. Home Depot*, 544 F.3d 1230, 1254 (11th Cir. 2008). Plaintiffs do not even attempt to plead this. Therefore, both their Motion for Leave to File a Third Amended Complaint (Dkt. No. 134) and their Motion to Substitute (Dkt. No. 144) should be denied.

Dated: November 19, 2012

Respectfully submitted,

/s/ Julie A. Angelini____________________

Jon M. Wilson, Florida Bar No. 0139892
jwilson@foley.com
Julie A. Angelini, Florida Bar No. 0058138
jangelini@foley.com
Foley & Lardner LLP
111 North Orange Avenue, Suite 1800
Orlando, Florida 32801-2386
407.423.7656
407.648.1743 (facsimile)

Michael P. Matthews, Florida Bar No. 0063988
mmatthews@foley.com
Foley & Lardner LLP
100 North Tampa Street, Suite 2700
Tampa, Florida 33601-3391
813.229.2300
813.221.4210 (facsimile)

Nancy J. Sennett, admitted *pro hac vice*
nsennett@foley.com
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202-5306
414.271.2400
414.297.4900 (facsimile)
*Attorneys for Defendant Pulte Home Corporation*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court for the Middle District of Florida by using the CM/ECF system, and notice was sent electronically to: Harley J. Storrings, Esq. and Andrea Cox, Esq., Arnstein & Lehr, LLP, 200 S. Biscayne Blvd., Suite 3600, Miami, Florida, 33131, hstorrings@arnstein.com, acox@arnstein.com; Joel B. Rothman, Esq. and Lorri Lomnitzer, Esq., Arnstein & Lehr, LLP, 515 N. Flagler Dr., Suite 600, West Palm Beach, Florida 33401, jrothman@arnstein.com, LLomnitzer@arnstein.com; Ronald S. Nisonson, Esq., Ward Damon Posner Pheterson & Bleau, P.L., 4420 Beacon Cir., West Palm Beach, Florida, 33047, rnisonson@warddamon.com; Wayne Morris Alder, Esq., Sieden, Alder & Matthewman, P.A., 7795 NW Beacon Square Blvd., Suite 201, Boca Raton, Florida 33487, wmalder@seidenlaw.com; and K. Hunter Goff, Esq., K. Hunter Goff, P.A., 1215 E. Livingston St., Orlando, Florida 32803, hunter@khuntergoffpa.com, and was served via U.S. Mail on The Wear Group, Inc. c/o James E. Wear, 18 Balsams Court, Hilton Head Island, SC 29926 on this 19th day of November, 2012.

/s/ Julie A. Angelini
Julie A. Angelini
Florida Bar No. 0058138
jangelini@foley.com